IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-1035-T |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

ORDER AFFIRMING DECISION OF COMMISSIONER

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for disability insurance benefits under Title II of the Social Security Act ("Act") and supplemental security income ("SSI") . Plaintiff's applications were denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on December 13, 2011.

On February 3, 2012, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The Appeals Council affirmed the ALJ's decision. This decision became the Commissioner's final decision. Plaintiff filed this action, requesting reversal of the decision of the Commissioner. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g), and whether the correct legal standards were applied. See Lindsley v. Commissioner, 560 F.3d 601, 604–08 (6th Cir. 2009); Kyle v. Commissioner, 609 F.3d 847, 854 (6th Cir. 2010).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. See Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. See Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). A reviewing court must defer to findings of fact by an appeals council when those findings conflict with the factual findings of the ALJ. Id. at 545.

Plaintiff was born on February 13, 1955, and was fifty-five years old at the time of the filing of his application for benefits on August 16, 2010. R. 39-40. He has a high school education. Plaintiff claims disability from gout, hypertension, high cholesterol, arthritis,

diabetes mellitus, diabetic neuropathy, and pain beginning December 30, 2004. R. 16. His insured status under Title II expired on December 31, 2004.

The ALJ enumerated the following findings: (1) Plaintiff met the disability insured status requirements through December 31, 2004; (2) Plaintiff did not engage in substantial gainful activity through December 30, 2004, the alleged onset of disability, but did in engage in substantial gainful activity prior to the issuance of this decision; however, there was a continuous twelve month period during which Plaintiff did not engage in substantial gainful activity; (3) Plaintiff has medically determinable impairments of gout, hypertension, and diabetes mellitus; but they are not severe because they did not significantly limit his ability to perform basic work-related activities for at least twelve consecutive months; (4) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
>
> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(a)(4); Howard v. Commissioner, 276 F.3d 235, 238 (6th Cir. 2002). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the second step with a finding that Plaintiff did not have a severe impairment, and, therefore, he was not disabled.

Plaintiff argues that the ALJ erred by using an incorrect standard in assessing his impairments. Plaintiff contends that the ALJ applied a "significantly limited" standard and a "disabling physical impairment" standard rather than the proper de minimis standard. He also argues that the nature of the impairments he suffered — gout, hypertension, and diabetes — "would by itself, [cause] more than slight abnormality having more than minimal impact." Plaintiff's arguments are not persuasive.

4

The Act defines a disability as "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A medically determinable impairment is one that "results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms and laboratory findings, not only [the claimant's] statement of symptoms." 20 C.F.R. § 404.1508.

At step two, a claimant bears the initial burden of proof to demonstrate that he has a severe impairment which is an impairment or combination of impairments which significantly limit his physical or mental ability to perform basic work activities without regard to age, education, or work experience.[1]  20 C.F.R. §§ 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a) (2013).  Thus, once the claimant has demonstrated a medically determinable impairment, he must show that his impairment also "significantly limits" his ability to perform work-related activities. See 20 C.F.R. § 404.1521.

The severity requirement is used to screen out claims that are medically groundless. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) ("[T]his appeal presents the exceptional

---

[1]  Basic work activities encompass the abilities and aptitudes necessary to perform most jobs, such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, performing, and remembering simple instructions; using judgment; responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work situation.  20 C.F.R. §§ 404.1521, 416.921.

5

'totally groundless' claim properly dismissed on the medical evidence alone. There is nothing in the objective medical record credibly suggesting that Mrs. Higgs was significantly affected by any of her impairments on or before June 30, 1979.") An impairment is not severe if it is a " 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience.' " Farris v. Secretary, 773 F.2d 85, 90 (6th Cir. 1985) (quoting Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984)). Accordingly, if an impairment or combination of impairments would have no more than a minimal effect on a claimant's ability to work, the sequential evaluation process is terminated at step two. Id.; see also Henderson v. Sullivan, 930 F.2d 19 (8th Cir. 1991).

The Court of Appeals discussed Higgs in Long v. Apfel, 1 Fed.Appx. 326 (6th Cir. 2001).

> In Higgs v. Bowen, this court declared that 'an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience.' Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir.1988). The Higgs court observed that 'this lenient interpretation of the severity requirement in part represents the courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis.' Id. But the court also recognized that 'Congress has approved the threshold dismissal of claims obviously lacking medical merit....' Id. That is, 'the severity requirement may still be employed as an administrative convenience to screen out claims that are "totally groundless" solely from a medical standpoint.' Id. at 863. Indeed, the Higgs court approved of that practice; it affirmed dismissal because the record contained no objective medical evidence to support Ms. Higgs's claims of severe impairment. Particularly relevant to the case at bar, the Higgs court observed. 'The mere diagnosis of [an ailment], of course, says nothing about the severity of the condition.' Id. When doctors' reports contain no information regarding physical limitations or the intensity,

frequency, and duration of pain associated with a condition, this court has regularly found substantial evidence to support a finding of no severe impairment. See, e.g., id. (citing cases).

Caselaw since Higgs confirms this circuit's practice in that respect. Compare Maloney v. Apfel, 211 F.3d 1269 (table), No. 99-3081, 2000 WL 420700 at (6th Cir.2000) (per curiam) (finding substantial evidence to support denial when record indicated claimant showed symptoms and was diagnosed with disorder but did not contain evidence of a disabling impairment that would prevent work); and Foster v. Secretary of Health & Human Svcs., 899 F.2d 1221 (table). No. 88-1644, 1990 WL 41835 at *2 (6th Cir.1990) (per curiam) (finding substantial evidence to support denial when the claimant produced no evidence regarding the frequency, intensity, and duration of arthritic pain; the record indicated that he was no more than slightly or minimally impaired); with Burton v. Apfel, 208 F.3d 212 (table), No. 98- 4198. 2000 WL 125853 at *3 (6th Cir.2000) (reversing finding of no severe impairment because record contained diagnoses and remarks from a number of treating physicians and psychologists to the effect that claimant was 'unable to work ... due to the complexity of her health problems' (quoting physician)); and Childrey v. Chater, 91 F.3d 143 (table). No. 95-1353, 1996 WL 420265 at *2 (6th Cir.1996) (per curiam) (reversing finding of no severe impairment because record contained an assessment by a consulting physician reflecting a variety of mental problems that left her ''not yet able to really care for herself alone, reports of two other physicians corroborating this, consistent testimony from the claimant, and no medical evidence to the contrary (quoting physician)).

The court in Long upheld the decision of the Commissioner because the record did "not contain a single statement by a treating physician indicating that Long's health problems result in any specific work-impairing limitations." 1 Fed.Appx. at 332.

The ALJ here, as in Long, concluded that Plaintiff had failed to establish that any of his medically determinable impairments (gout, hypertension, and diabetes) were severe because the evidence failed to show any significant limitation in his ability to perform basic work-related activities. In reaching his decision, the ALJ used the phrase "significantly limited," as set forth in the relevant regulation. See 20 C.F.R. § 404.1521 ("An impairment

or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." Additionally, the ALJ found that Plaintiff did not have a disabling physical impairment as required under step two. See 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). No "disabling physical impairment" was not the ALJ's standard; it was his conclusion. Accordingly, the ALJ used the correct legal standard in finding that Plaintiff was not disabled.

Plaintiff bore the burden of showing that he was disabled prior to the expiration of his insured status. See Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir. 1990); 20 C.F.R. § 404.101(a). However, he has not cited any medical evidence showing work-related limitations. Moreover, none of Plaintiff's doctors opined that Plaintiff had work-related limitations during the one day period under consideration. Because Plaintiff has pointed to no evidence showing any lasting or credible work-related restrictions during the relevant period, substantial evidence supports the ALJ's decision, and the decision is AFFIRMED.

The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

  s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE